**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARCELL HOUSTON,** | ) | **CASE NO.1:07CR082** |
| | ) | **1:16CV718** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #28). Respondent filed a

Response in Opposition to Petitioner's Motion and Motion to Dismiss (ECF #31).

Petitioner filed Reply to Government's Motion to Dismiss. (ECF #32). For the following

reasons, the Court grants Respondent's Motion to Dismiss and dismisses Petitioner's

Petition.

## FACTS

On February 13, 2007, Petitioner was charged with Distribution of Cocaine Base

1

("Crack"), Possession With Intent to Distribute Cocaine Base ("Crack") and Possession With Intent to Distribute Cocaine.  The Government filed Information to Establish Prior Conviction under 21 U.S.C. § 851 on June 11, 2007, which had the effect of increasing the sentencing provisions under 21 U.S.C. § 841(b)(1).  Petitioner pleaded guilty to Count Two of the Indictment.  On November 30, 2007, the Court sentenced Petitioner to 175 months imprisonment, to be followed by five years of Supervised Release.  Petitioner did not appeal.

On March 23, 2016, Petitioner filed the instant Motion to Vacate asserting that he is no longer a Career Offender following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Respondent asserts that Petitioner's Petition is time barred because he does not present any new right recognized by the Supreme Court which would trigger the new one-year period to file a Motion to Vacate.

## **STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. '"  *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003),

2

quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

The Court agrees that Petitioner's Petition is untimely.  A one-year statute of

limitations applies to Section 2255 motions. Title 28 U.S.C. Section 2255(f).  The

limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*(Id.*)

The Court sentenced Petitioner on December 3, 2007.  Petitioner did not take a

direct appeal of his conviction.  Petitioner's claims should have been raised before

December 2008.  The Court agrees with Respondent that Petitioner cannot assert any

newly discovered right recognized by the Supreme Court and made retroactively

applicable to cases on collateral review.  28 U.S.C. § 2255(f)(3).

Respondent correctly concludes that the Supreme Court's decision in *Johnson*

does not entitle Petitioner to post-conviction relief from his Sentencing

Guidelines-based Career Offender sentence under 28 U.S.C. § 2255.  *Johnson* does

not apply to Guidelines-based sentences in Section 2255 or other collateral attack

actions because, as to the Guidelines, *Johnson* is a non-watershed new procedural rule that does not apply retroactively under *Teague v. Lane*, 489 U.S. 288 (1989) analysis.

The Court agrees that *Johnson* does not apply retroactively on collateral attack in Sentencing Guidelines cases because it creates procedural rather than substantive changes in the sentencing process. The procedural posture of Petitioner's § 2255 claim is substantially different than a defendant on direct appeal. Under *Teague v. Lane*, 489 U.S. 288, 311 (1989) (plurality opinion) and its progeny, new rules of criminal procedure do not apply retroactively to cases that became final before the issuance of the decision announcing the rule.

In Petitioner's Reply to Government's Motion to Dismiss, the issue is summed up as whether the new rule announced in *Johnson* is retroactive in a Guidelines case. The Supreme Court decision in *Welch v. United States*, No. 15-6418, 578 U.S. ___ (2016), addressed whether *Johnson* applies retroactively as a substantive rule in Armed Career Criminal Act ("ACCA") cases. The *Welch* opinion did not consider whether *Johnson* applies to sentences based upon the Sentencing Guidelines. All Guidelines sentences must be within the statutory maximum sentence. As to Guidelines-based sentences, therefore, *Johnson* does not alter the permissible statutory range of sentencing outcomes. In the context of the Sentencing Guidelines, as opposed to the ACCA, *Johnson* does not act substantively.

Therefore, the Court finds that Petitioner's Guidelines calculation and sentence are proper and are not affected by *Johnson*. Thus, Petitioner's Petition is untimely. Petitioner fails to show a denial of any constitutional right.

4

Therefore, for the foregoing reasons Respondent's Motion to Dismiss is

granted.  Petitioner's Motion to Vacate is untimely and dismissed.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an
appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of
arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has
made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue
or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under  2253(c), a habeas prisoner must make a substantial
showing of the denial of a constitutional right, a demonstration that, under
*Barefoot,* includes showing that reasonable jurists could debate whether (or, for
that matter, agree that) the petition should have been resolved in a different
manner or that the issues presented were " 'adequate to deserve encouragement
to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983)
superceded by statute.

Petitioner has failed to make a substantial showing that he was denied any

constitutional right.  Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

5

May 24, 2017                              s/Christopher A. Boyko
Date                                     CHRISTOPHER A. BOYKO
                                         United States District Judge